THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CV-226-H

HAROLD LONEY, )
 )
    Plaintiff, )
 ) **ORDER & MEMORANDUM**
v. ) **AND RECOMMENDATION**
 )
DATAMAX CORPORATION, )
 )
    Defendant. )

This matter is before the court for consideration of Defendant Datamax Corporation's application for attorney's fees and expenses related to its previously allowed motion to compel discovery, as well as Datamax's Motion for Sanctions and Dismissal. No response has been filed by the pro se plaintiff, Harold Loney, and the time for doing so has expired. For the reasons set forth below, Defendant is awarded attorney's fees and expenses in the amount of $796.00, and it is recommended that this action be dismissed.

## BACKGROUND

Plaintiff filed this action in Brunswick County District Court, asserting claims for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, as well as claims under North Carolina law.[1] The action was removed to this court on October 23, 2013.

On March 12, 2014, Datamax served Plaintiff with interrogatories and requests for production of documents [DE #41-1 at 2]. Plaintiff did not provide timely responses, and, on May 1, 2014, counsel for Datamax sent Plaintiff a letter concerning his overdue responses and

---

[1] Plaintiff originally filed this action against a number of defendants, but only Plaintiff's claims against Datamax remain, the others having been dismissed.

requested that Plaintiff respond to the discovery requests no later than May 15, 2014 [DE #41-1 at 20]. Plaintiff did not respond to the discovery requests or to counsel's letter, which prompted Datamax to file a motion to compel discovery. Datamax also sought attorney's fees associated with the filing of its motion.

On October 30, 2014, the court allowed Datamax's motion to compel. The court directed Datamax's counsel to submit an affidavit setting out the fees and expenses incurred in bringing the motion to compel and gave Plaintiff time "to respond and to show cause why the court should not grant Datamax's request for expenses and attorney's fees." (Order Compelling Discovery [DE #50] at 3.) Plaintiff was warned that "failure to comply . . . may result in the dismissal of this action for failure to prosecute or otherwise comply with the rules or orders of this court" pursuant to Rules 37(b)(2) and 41(b). (*Id*. at 4.)

On November 5, 2014, Datamax submitted an affidavit from its counsel averring that Datamax incurred legal fees in the amount of $796.00 in connection with its motion to compel. (Aff. Caren Enloe [DE #52].) Plaintiff has not objected to the affidavit, nor has he demonstrated that his failure to respond to Datamax's discovery requests was substantially justified or that other circumstances exist that would make an award of expenses unjust.

## **DISCUSSION**

When a motion to compel discovery is allowed, the court must award reasonable expenses to the moving party unless "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action," "the opposing party's nondisclosure, response, or objection was substantially justified," or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

If a party "fails to obey an order to provide or permit discovery," the court may also impose sanctions, including dismissal of the action in whole or in part. Fed. R. Civ. P.

2
Case 7:13-cv-00226-H   Document 56   Filed 02/04/15   Page 2 of 4

37(b)(2)(A). The Fourth Circuit has developed a four-part test to use "when determining what sanctions to impose under [Rule 37(b)]." *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001).

> Specifically, "[t]he court must determine (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would [be] effective."

*Id.* (quoting *Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998)) (first alteration in original); *see also* Fed. R. Civ. P. 41(b) (authorizing dismissal of an action for failure to prosecute or failure to comply with the Rules of Civil Procedure or any court order).

The court previously allowed Datamax's motion to compel and provided Plaintiff an opportunity to be heard with regard to the propriety of an award of attorney's fees. Plaintiff did not come forward to show that Datamax's request for attorney's fees should be denied. Accordingly, Datamax is entitled to its fees and expenses incurred in compelling discovery. Having considered the amount requested and finding it to be reasonable, the court awards Datamax $796.00 in attorney's fees and expenses pursuant to Rule 37(a).

The facts of this case also support imposition of sanctions pursuant to Rule 37(b)(2). Plaintiff has failed to comply with this court's order compelling him to respond to Datamax's discovery requests, which supports a finding of bad faith. *See Green v. John Chatillon & Sons*, 188 F.R.D. 422, 424 (M.D.N.C. 1998). Because Plaintiff has failed to provide discovery, Datamax has been prejudiced in preparing a defense and has had to endure additional expense and delay in the litigation of this matter. The need for deterrence is high in this case. This is not the first time Plaintiff has failed to provide discovery in litigation before this court. In *Loney v. RMB of NC, Inc.*, No. 7:13-CV-228-H (E.D.N.C.), Plaintiff likewise failed to provide

discovery, and an order compelling discovery was entered. The case was ultimately dismissed due to Plaintiff's failure to comply with the court's orders. Finally, a lesser sanction will not be effective. In this action and *Loney v. RMB of NC, Inc.*, the court has repeatedly warned Plaintiff that failure to comply with the court's orders may result in sanctions, including dismissal. Yet, Plaintiff has failed to bring himself in compliance with this court's orders or to demonstrate why he is not able to do so. It is, therefore, recommended that this action be dismissed pursuant to Rules 37(b)(2) and 41(b) of the Federal Rules of Civil Procedure.

## **CONCLUSION**

For the reasons set forth above, Datamax's request for attorney's fees and expenses associated with the filing of its motion to compel is GRANTED and Plaintiff is ORDERED to pay Datamax $796.00 in attorney's fees and expenses within thirty (30) days of the date of this order. It is further RECOMMENDED that Datamax's Motion for Sanctions and Dismissal [DE #53] be ALLOWED and that this action be DISMISSED in its entirety pursuant to Rules 37(b)(2) and 41(b) of the Federal Rules of Civil Procedure.

The Clerk shall send copies of this Order and Memorandum and Recommendation to counsel for the respective parties, who shall have fourteen (14) days from the date of service to file written objections. Failure to file timely, written objections shall bar an aggrieved party from obtaining de novo review by the District Judge on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 4th day of February 2015.

KIMBERLY A. SWANK
United States Magistrate Judge